**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROY ARNOLD,<br><br>    *Plaintiff*,<br><br>    v.<br><br>PALOMA HOLMES, *et al.*,<br><br>    *Defendants*. | No. 26-cv-00943 (DLF) |

**<u>MEMORANDUM OPINION</u>**

On February 20, 2026, Roy Arnold, proceeding *pro se*, filed this suit in D.C. Superior Court, seeking to quiet title to certain real property located in the District of Columbia. *See* Compl. 2–4, Dkt. 1-2. The defendants removed the action on March 18, 2026, asserting that this Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331. *See* Notice of Removal 2, Dkt. 1. In a separate action also pending before this Court, Arnold seeks substantially the same relief against the same defendants. *See* Compl., *Arnold v. Holmes*, No. 25-cv-00390 (D.D.C. Feb. 10, 2025), Dkt. 1. On March 25, 2026, the Court ordered Arnold to show cause why this case should not be dismissed as duplicative of that first-in-time action. March 25, 2026 Minute Order. Four of the defendants in this case subsequently filed a Partial Answer to the Complaint, and defendant Talley Roberta Holmes, in her capacity as Personal Representative of the Estate of Talley R. Holmes Jr., asserted counterclaims for (1) breach of promissory note; (2) judicial foreclosure of deed of trust; (3) declaratory judgment; and (4) unjust enrichment. *See* Partial Answer 10–20, Dkt. 12.

The Court finds that dismissal of Arnold's claims is appropriate pursuant to the longstanding rule that "[p]arties may not maintain two separate actions involving the same subject

matter at the same time in the same court and against the same defendant." *Steele v. United States*, 144 F.4th 316, 324 (D.C. Cir. 2025) (citation modified). Each of the defendants named in Arnold's Complaint is also named as a defendant in his first-in-time action, and the instant legal claims are virtually identical to those he asserts in that case. Indeed, Arnold represents that he filed this case in Superior Court "as a protective measure following dismissal without prejudice in the [first-in-time] action," Pl.'s Resp. to Order to Show Cause 2, Dkt. 11 (emphasis omitted), and acknowledges that the two cases "represent a single controversy," *id.* (citation modified), involving "overlapping claims," Pl.'s Notice of Related Case 2, *Arnold v. Holmes*, No. 25-cv-00390 (D.D.C. Mar. 23, 2026), Dkt. 113.

Arnold asserts that his Amended Complaint in this action, which he filed in Superior Court prior to removal, distinguishes this case from the first-in-time action and counsels against dismissal. *See* Pl.'s Resp. to Order to Show Cause 1–2. The Court disagrees. The only new defendant named in the Amended Complaint—the Estate of Talley R. Holmes Jr.—is also a defendant in the first-in-time action, and the purportedly new claims set forth in the Amended Complaint are merely reformulations of Arnold's other claims. *Compare* Am. Compl. 28–32, 47 *Arnold v. Kim*, No. 2026-CAB-001188 (D.C. Super. Ct. Mar. 17, 2026) (adding claims for "enforcement for recission and restoration of title," "violating D.C. Code 47–4106," and "violation of 18 U.S.C. 1341 (Frauds and Swindles)" (citation modified)), *with* Compl. 5, *Arnold v. Holmes*, No. 25-cv-00390 (D.D.C. Feb. 10, 2025) ("The Civil remedies that the Plaintiff seeks include but are not limited to Enforcement for Recission and Restoration of Tile [*sic*]."), *and id.* at 32 (alleging that the defendants "used their misrepresentations to initiate and [*sic*] unlawful foreclosure on the Plaintiff's home by signing fraudulent documents and unlawful documents"). Accordingly, the Amended Complaint does not alter the Court's analysis.

2

Because the instant claims are duplicative of those Arnold asserts in his first-in-time action, the Court will exercise its discretion to dismiss the claims without prejudice. *See Sweeney v. United States Parole Comm'n*, 197 F. Supp. 3d 78, 80 (D.D.C. 2016) ("To prevent duplicative pleadings, this district has the discretion to control its docket by dismissing duplicative cases." (citation modified)); *Bowe-Connor v. McDonald*, No. 15-cv-00269, 2015 WL 807537, at *1 (D.D.C. Feb. 25, 2015) ("Where a plaintiff brings duplicative claims against the same defendant, rather than allowing both cases to proceed or consolidating the two cases, the better course is to dismiss the claims in the new case as duplicative of the already-pending claims." (citation modified)); *Sturdza v. United Arab Emirates*, No. 09-cv-00699, 2009 WL 1033269, at *1 (D.D.C. Apr. 16, 2009) (dismissing *pro se* plaintiff's complaint as "duplicative of" and "redundant to" pending actions because it was "largely—if not completely—duplicative of complaints in actions that ha[d] already been decided or [we]re still pending"); *see also Columbia Plaza Corp. v. Security Nat'l Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975) ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided." (citation modified)).

In light of this dismissal, the Court will decline to exercise supplemental jurisdiction over Holmes's state law counterclaims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988).

A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

April 13, 2026

3